___



SO ORDERED,

Judge Jason D. Woodard

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.
___

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| BRIAN LEE ALDRIDGE | ) | Case No.: | 14-14644-JDW |
| | ) | | |
| Debtor. | ) | Chapter | 7 |

___

| | | | |
|---|---|---|---|
| CLARKE ALDRIDGE | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | A.P. No.: | 15-01065-JDW |
| | ) | | |
| BRIAN LEE ALDRIDGE, | ) | | |
| | ) | | |
| Defendant. | ) | | |

___

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

This adversary proceeding comes before the Court for consideration of the *Motion to Dismiss Complaint, First Amended Motion to Dismiss Complaint and Motion to Dismiss Amended Complaint,* (A.P. Dkts. # 6, 15

1

and 29)[1] (collectively, the "Motion") filed by debtor-defendant Brian Lee Aldridge (the "Debtor") against plaintiff Clarke Aldridge (the "Plaintiff") and the Plaintiff's responses thereto and accompanying brief in opposition to the Motion (A.P. Dkts. # 7, 33 and 34) (collectively, the "Response"). Among other grounds, the Motion asserts that this adversary proceeding was untimely filed and should be dismissed. Upon the request and agreement of the parties, an evidentiary hearing was held on February 2, 2016, on the limited issue of whether this adversary proceeding is time-barred. At the hearing, Amanda T. Daniels appeared as counsel for the Plaintiff, and Denvil F. Crowe appeared as counsel for the Debtor. The Court heard argument from counsel, as well as testimony from witnesses, and received documents into evidence.

The Court has considered the pleadings, evidence, and the applicable law, and finds and concludes that the Plaintiff had actual notice of the bankruptcy case several months before the deadline for filing a complaint seeking a declaration of nondischargeability, but failed to file the complaint until after the deadline. Accordingly, the Motion is due to be granted.

---

[1] Citations to the main bankruptcy docket will be to "Bankr. Dkt. # ____," and citations to the adversary proceeding docket will be to "A.P. Dkt. # ____."

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc Dated August 6, 1984. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (I), and (O).

## II. FINDINGS OF FACT[2]

In the complaint and amended complaint (collectively, the "Complaint") (A.P. Dkts. # 1 and 28), the Plaintiff, as the Administrator of the Estate of Florence A. Aldridge, seeks a determination that the debt owed to the Estate of Florence A. Aldridge (the "Estate") by the Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[3] The Plaintiff's claim arises from a judgment obtained in favor of Florence A. Aldridge (now deceased) against the Debtor in the amount of $218,355.00 in the Chancery Court of Lee County, Mississippi in May 2012.

---

[2] To the extent any findings of fact are conclusions of law, they are adopted as such, and vice versa.

[3] The "Bankruptcy Code" is defined as Title 11 of the United States Code. Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. § 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

The Debtor filed a chapter 7 bankruptcy petition on December 19, 2014 (Bankr. Dkt. # 1). The Debtor listed both Florence Aldridge and Clark (sic) Aldridge in his petition and schedules as holding an unsecured, nonpriority claim (Bankr. Dkt # 11). The address listed for both parties was "c/o Rhet (sic) Russell, 204 North Spring Street, Tupelo, MS 38804." Rhett Russell ("Russell") was engaged as legal counsel for Florence Aldridge prior to her death and the Estate after her death. The deadline to challenge dischargeability of a debt under § 523(a)(2)(A) was May 4, 2015 (Bankr. Dkt. # 15). This adversary proceeding was initiated by the Plaintiff on July 30, 2015 (A.P. Dkt. # 1), which was the same date an order was entered granting the debtor a discharge (Bankr. Dkt. # 39). In the Complaint, the Plaintiff alleges that fraudulent activity was the basis of the judgment obtained against the Debtor, and therefore, the debt owed pursuant to the judgment should be nondischargeable under § 523(a)(2)(A).

In the Motion, the Debtor contends that because the Plaintiff neither filed the Complaint, nor requested an extension of time in which to do so prior to the expiration of the deadline on May 4, 2015, this adversary proceeding should be dismissed as untimely (A.P. Dkts. # 6, 15, and 29). In the Response, the Plaintiff asserts a lack of notice as the reason that neither the Complaint, nor a request for an extension of time, was filed prior to the deadline (A.P. Dkts. # 7, 33 and 34). The Plaintiff alleges that the post office

4

did not deliver mail to, nor did Russell have a mail receptacle at, the physical address listed in the Debtor's petition and schedules. However, the Debtor contends that in addition to verbal notice, Russell received written notice regarding the bankruptcy case via fax on January 7, 2015, well before the deadline. As such, the Debtor argues that the Plaintiff had sufficient notice and the Complaint is untimely pursuant to Rule 4004(a).[4]

At the hearing on February 2, 2016, the Debtor presented the testimony of Laura Beasley, a receptionist for Denvil F. Crowe, the Debtor's attorney, in January 2015. Ms. Beasley testified that in January 2015, following a telephone conversation with Rhett Russell, she faxed a *Notice of Automatic Stay* to the fax number provided to her by Russell. The *Notice of Automatic Stay* is addressed to "Attorney Rhett Russell" and provides the case number, as well as notice that the Debtor filed a petition under chapter 7 on December 19, 2014. The fax cover sheet and the *Notice of Automatic Stay* are dated January 7, 2015. During his testimony, Russell admitted to the telephone conversation with Ms. Beasley, as well as to receiving the *Notice of Automatic* Stay via fax. Thus, it is clear that Russell had actual notice of the bankruptcy proceeding at least as early as January 7, 2015.

---

[4] Rule 4004(a) governs the time for filing a complaint objecting to a debtor's discharge under § 727(a)(8) or (a)(9). As discussed later in this opinion, the applicable rule is Rule 4007(c). The Court notes, however, that while the Debtor's reliance on Rule 4004(a) is misplaced, the time under Rule 4007(c) for filing a complaint to determine the dischargeability of a debt under § 523(a)(2)(A) is the same as the time under Rule 4004(a) for filing a complaint objecting to a debtor's discharge.

5

Russell also testified that he mailed a copy of the *Notice of Automatic* Stay to the Plaintiff with a cover letter dated January 12, 2015.

The Plaintiff also testified at the hearing. He admitted that he received Russell's letter dated January 12, 2015, notifying him of the Debtor's bankruptcy proceeding. While the Plaintiff admitted to receiving notice of the Debtor's bankruptcy filing early as January 2015, he testified that he was never notified of the deadline of May 4, 2015.

### III. CONCLUSIONS OF LAW

In general, a discharge "operates as an injunction against enforcement of a judgment or the commencement or continuation of an action . . . to collect or recover a debt as a personal liability of the debtor." *Matter of Edgeworth,* 993 F.2d 51, 53 (5th Cir. 1993). Section 523(a)(2)(A) provides an exception to discharge for debts arising from false pretense, false representation, or actual fraud. However, § 523(c) provides that "such debts shall be discharged unless on request of the creditor the court determines the debt is to be excepted from discharge." *See Neeley v. Murchison,* 815 F.2d 345, 346 (5th Cir. 1987). The time for filing a complaint to determine dischargeability pursuant to § 523(c) in a chapter 7 case is governed by Rule 4007(c). Rule 4007(c) provides that such a complaint

> shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors not less than 30 days' notice of the time so fixed in the manner provided

6

> in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

In this case, the first date set for the meeting of creditors was March 5, 2015, and the deadline for filing a § 523(a)(2)(A) complaint was therefore May 4, 2015.

The Court of Appeals for the Fifth Circuit has strictly enforced the 60-day period in Rule 4007(c) "even in instances where the notice received by the creditor was defective or even non-existent." *Hammons v. Hammons (In re Hammons),* 252 B.R. 97, 99 (Bankr. N.D. Miss. 2000) (citing *Neeley,* 815 F.2d 345). In *Neeley,* the creditor had actual knowledge of the bankruptcy proceeding, but was not notified of the deadline to file a complaint. The Fifth Circuit held that the notice provision of Rule 4007(c) is met when a creditor has "notice of the bankruptcy proceeding and more than ample opportunity to protect his rights under § 523(c)." 815 F.2d at 347.

While the Defendant asserts lack of notice of the deadline in opposition to the Motion, the Fifth Circuit has already rejected the argument that a creditor is entitled to actual notice of the deadline. *See Grossie v. Sam (In re Sam),* 894 F.2d 778, 781-82 (5th Cir. 1990). Actual knowledge of a bankruptcy proceeding "necessary to permit [a creditor] to take steps to protect his rights" is all that is required. *Id.* "When a creditor is aware of the pendency of a bankruptcy proceeding, the imposition of a duty on the part of

7

a creditor to make an inquiry to [protect his rights] is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases." *Id.* at 781 (citation omitted).

The Plaintiff and his counsel had actual knowledge of the Debtor's bankruptcy proceeding as early as January 2015—several months before the deadline to file a complaint. As such, the Court finds that the Plaintiff had actual knowledge of the bankruptcy proceeding necessary to permit him to take steps to protect his rights under § 523(c). Under Fifth Circuit precedent, the notice provision of Rule 4007(c) was satisfied and the deadline must be enforced. *See Neeley,* 815 F.2d 345; *see also Grossie,* 894 F.2d 778. Therefore, the Complaint is time-barred and due to be dismissed.

## IV.   CONCLUSION

The evidence is undisputed that both the Plaintiff and his counsel had actual knowledge of the bankruptcy proceeding several months before the deadline to file a complaint. No extension of time was sought, and the Complaint was filed well after the deadline. Therefore, the Court finds and concludes that the Motion is well-taken and due to be granted. Accordingly,

It is hereby **ORDERED, ADJUDGED** and **DECREED** that the Motion is **GRANTED**, and this adversary proceeding is hereby dismissed with prejudice.

##END OF ORDER##